Affirmed and Memorandum Opinion filed June 26, 2007








Affirmed and Memorandum Opinion filed June 26, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00220-CR

_______________

 

JOSE NAVA BENITEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 1042895

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Jose Nava Benitez appeals a
conviction for theft from an elderly individual[1]
on the grounds that: (1) the sentence imposed violates his due process rights
and constitutes cruel and unusual punishment; and (2) the trial court abused
its discretion by failing to sua sponte order appellant=s guilty plea withdrawn.  We affirm.








Appellant=s first and second issues contend
that his twenty year sentence is grossly disproportionate to the convicted offense,
thereby violating his constitutional rights to due process and to be free from
cruel and unusual punishment.  To preserve a complaint for appellate review, a
party must have presented the trial court with a timely request, objection or
motion, stating the specific grounds for the ruling desired if those grounds
were not apparent from the context.  Tex. R. App. P. 33.1(a).  A party is not
excused from the procedural requirement of preserving a complaint at trial
because the complaint involves a constitutional right, including the right
against cruel and unusual punishment.  Olivas v. State, 202 S.W.3d 137,
144 (Tex. Crim. App. 2006); Rhoades v. State, 934 S.W.3d 113, 120 (Tex.
Crim. App. 1996).  In this case, because appellant failed to object to the sentence
as violating his constitutional rights in the trial court, his first and second
issues present nothing for our review and are overruled.

Appellant=s third issue contends that the trial
court abused its discretion by failing to sua sponte order that
appellant=s guilty plea be withdrawn due to an involuntary plea because the
pre-sentence investigation report (APSI@) showed that appellant was not
guilty of the charged offenses in that he was unable to read and write English
and did not understand the papers that his co-defendant had asked him to sign
in the course of the offense.  In support of this contention, appellant cites
the statement he submitted as part of the PSI.  However, appellant=s brief does not cite any legal
authority or facts in his PSI statement that would suggest that appellant was
uninformed or misinformed about his plea or that it was otherwise involuntary. 
In addition, although his PSI statement indicates that appellant did not
understand the papers he was signing, it states that he did understand that
what he was doing was cheating the complainant.  Lastly, appellant cites no
cases holding that a trial court abused its discretion by failing to order a
guilty plea withdrawn in a jury-waived plea proceeding, as this was.  Because
it thus fails to demonstrate that the trial court abused its discretion in
failing to order appellant=s guilty plea withdrawn, appellant=s third issue is 

 








overruled, and the judgment of the
trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 26, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           After appellant entered a guilty plea and a
pre-sentence investigation report was filed, the court found appellant guilty
and sentenced him to twenty years confinement.